IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

**vs.**                                   Case No. 4:00cr42-RH
                                          Case No. 4:05cv140-RH/WCS

**CURLEY LEE MILLER,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION ON MOTION TO CORRECT SENTENCE

    This cause is before the court on Defendant's "Motion to Correct Sentence and Modify Judgment in Accordance to Sentencing Reform Act 1984 and 1987 Federal Sentencing Guidelines, Pursuant to 18 U.S.C. § 3582 et. seq."  Doc. 79.

    Defendant asserts that the guidelines were unconstitutionally applied to him, relying on United States v. Booker, __ U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (January 12, 2005), Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Shepard v. United States, __ U.S. __, 125 S.Ct. 1254, 2005 WL 516494 (March 7, 2005).  Doc. 79, pp. 2-4, 9-11 (other citations omitted).  Defendant asserts

that this is not a proceeding under 28 U.S.C. § 2255, and that a magistrate judge may not preside over the proceeding. *Id.*, p. 7.[1] Defendant asserts that relief is authorized by § 3582(c)(1). Doc. 79, pp. 6-7, 12. He seeks a nunc pro tunc judgment in accordance with the law as clarified in Booker and other cases. *Id.*, p. 11.

Following a guilty plea, Defendant was sentenced to 180 months and judgment was entered on the docket on December 15, 2000. Doc. 29. Defendant filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, doc. 45, which was denied with prejudice. Docs. 55, 60, and 61 (report and recommendation, order, and amended judgment entered on February 10, 2003). A certificate of appealability was denied by this court and the Eleventh Circuit. Docs. 71 and 78.

Section 3582(c)(2) authorizes the court, in its discretion, to modify a term of imprisonment if the sentencing range has subsequently been lowered by the Sentencing Commission, if "consistent with the applicable policy statements issued by the Sentencing Commission;" *i.e.,* if the amendment is listed in U.S.S.G. § 1B.10(c). § 1B1.10(a); United States v. Pelaez, 196 F.3d 1203, 1205, n. 3 (11th Cir. 1999). Defendant has not identified any retroactive amendment authorizing modification under § 3582(c)(2). Rather, he is seeking relief available (if at all) under § 2255, and the court should construe the motion as a second or successive § 2255 motion. Gonzalez v. Secretary for Dept. Of Corrections, 366 F.3d 1253, 1277, n. 10 (11th Cir. 2004), *pet. for cert. granted in part*, __ U.S. __, 125 S.Ct. 961; *cert. denied*, __ U.S. __, 125 S.Ct. 965

---

[1] As set forth ahead, despite Defendant's protests, the court must treat his motion as an unauthorized second or successive motion. Reference of § 2255 motions to a full time magistrate judge is pursuant to Local Rule 72.2(B).

(2005) (the limitations on recharacterizing a document as a first § 2255 motion do not extend beyond initial filings, or allow movant to evade the restrictions on second or successive motions).

Defendant has not obtained authorization from the court of appeals, and this court may not consider his second or successive motion.  § 2255 (referencing § 2244); § 2255 Rule 9 (party must obtain authorization from court of appeals before presenting a second or successive motion).  See also In re Anderson, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (denying leave to file second or successive § 2255 motion raising a claim under Booker and Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)).

It is therefore respectfully **RECOMMENDED** that Defendant's motion to correct sentence and modify judgment (doc. 79) be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 18, 2005.

> s/    William C. Sherrill, Jr.
> **WILLIAM C. SHERRILL, JR.**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case Nos. 4:00cr42-RH and 4:05cv140-RH/WCS