# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 4:00cr42-RH/WCS
4:05cv140-RH/WCS

CURLEY LEE MILLER,

    Defendant.

_____/

## ORDER DISMISSING MOTION TO
## CORRECT SENTENCE AND MODIFY JUDGMENT

This matter is before the court on the magistrate judge's report and recommendation (document 80), and the objections thereto (document 81). I have reviewed *de novo* the issues raised by the objections. I conclude that the report and recommendation is correct and should be adopted as the opinion of the court. Defendant's motion will be treated as a second or successive motion under 28 U.S.C. §2255 and denied for lack of jurisdiction.

In addition, even if defendant's motion were not properly treated as a second or successive §2255 motion, the motion would remain unfounded. Defendant's contention is that his sentence was improper under the principles adopted in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 124 S. Ct.

2531 (2004)*,* and *United States v. Booker*, 125 S. Ct. 738 (2005). This line of cases recognizes two rights: first, the right to trial by jury with respect to any fact (other than a prior conviction) that would increase the maximum sentence that could be imposed on a defendant; and second, the right to have any such fact established by proof beyond a reasonable doubt. The Supreme Court has held that the jury-right component of the *Apprendi* principle is not retroactively applicable to cases on collateral review. *See Schriro v. Summerlin*, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004). As an original matter, one could argue either side of the issue whether the same should be true of the proof-beyond-a-reasonable-doubt component of the *Apprendi* principle. Decisions of the Eleventh Circuit, however, foreclose, at least at the district court level, any assertion that the proof-beyond-a-reasonable doubt component of *Apprendi* can be raised on collateral review. *See, e.g., Varela v. United States*, 40 F.3d 864 (11th Cir. 2005) (concluding that *Booker* does not apply retroactively to §2255 cases on collateral review); *McCoy v. United States*, 266 F.3d 1245, 1256-58 (11th Cir. 2001) (holding that *Apprendi* is not retroactively applicable to cases on collateral review). And even more clearly, this is not a claim that can be raised by a defendant who already has filed and lost a prior motion for relief under §2255. *See, e.g., In re Anderson*, 396 F.3d 1336, 1340 (11th Cir. 2005) (holding that *Booker* does not provide basis for certificate of appealability authorizing filing of second or successive §2255 motion because

Supreme Court has not made that decision retroactive to cases already final on direct review).

For these reasons,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the opinion of the court. Defendant's motion to correct sentence and modify judgment (document 79) is denied. The clerk shall enter judgment and close the file.

SO ORDERED this 9th day of June, 2005.

s/Robert L. Hinkle<br>
Chief United States District Judge