# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 4:00cr42-RH/WCS

CURLEY LEE MILLER,

     Defendant.

_____/

## ORDER REQUIRING RESPONSE TO
## MOTION FOR SPECIFIC PERFORMANCE

     Defendant Curley Lee Miller has filed a motion for specific performance of the plea agreement. Mr. Miller asserts he has provided substantial assistance to the government in the investigation or prosecution of others and that the government therefore should be compelled to file a motion for reduction of Mr. Miller's sentence under Federal Rule of Criminal Procedure 35(b).

     As Mr. Miller seems to acknowledge, only the government may file a substantial assistance motion. The grounds on which the government's determination not to file a substantial assistance motion may be reviewed by the court are exceedingly narrow.

     This principle is most firmly established in cases not involving a plea

agreement.  *See, e.g., Wade v. United States*, 504 U.S. 181, 112 S. Ct. 1840, 118 L. Ed. 2d 524 (1992) (holding in case not involving plea agreement that court could review government's failure to file substantial assistance motion only for unconstitutional motive such as racial or religious discrimination); *United States v. Nealy*, 232 F.3d 825 (11th Cir. 2000) (stating in case not involving plea agreement that government has discretion whether or not to file substantial assistance motion and that government's decision is reviewable only for unconstitutional motive, and upholding government's election, based on defendant's commission of another offense, not to file a substantial assistance motion, even though defendant in fact provided substantial assistance).

When there *is* a plea agreement, the government of course must comply with it.  *See, e.g., Santobello v. New York*, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971).  But at least in this circuit, any such agreement that retains for the government the sole discretion to determine whether a defendant has provided substantial assistance is reviewable by the court only for unconstitutional motive, the same grounds recognized in *Wade* and *Nealy*.  *See United States v. Forney*, 9 F.3d 1492 (11th Cir. 1993) (suggesting in dicta that plea agreement that preserves government discretion whether to file substantial assistance motion does not authorize court to review under "bad faith" standard the government's exercise of that discretion); *United States v. Wilcoxson*, 77 Fed. Appx. 505 (11th Cir. 2003)

*Case No: 4:00cr42-RH/WCS*

(unpublished table decision) (applying *Forney* as basis for upholding denial of relief in case from this district involving plea agreement).

Other circuits have taken a different approach.  *See, e.g., United States v. Rexach*, 896 F.2d 710 (2d Cir. 1990) (holding that when a plea agreement provides that substantial assistance will be determined in the discretion of the prosecutor, then "the Court's role is limited to deciding whether the prosecutor has made its determination in good faith").  But that of course does not help Mr. Miller; this case is being litigated in the Eleventh Circuit and thus is controlled by *Forney*. And while the circuit split on this issue presents a nice question, it is not at all clear that this ultimately would make a difference in the case at bar.

So that these matters may be appropriately addressed,

IT IS ORDERED:

The government shall file within 21 days a memorandum in response to defendant's motion for specific performance.

SO ORDERED this 17th day of June, 2005.

                                      s/Robert L. Hinkle
                                      Chief United States District Judge