**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA,

v.                                                               CASE NO.  4:00cr42-RH/WCS

CURLEY LEE MILLER,

      Defendant.

_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

      Defendant pled guilty and was sentenced.  The judgment was affirmed on

direct appeal.  Defendant moved for relief under 28 U.S.C. §2255.  The motion was

denied.  Defendant attempted to appeal, but no certificate of appealability was

issued, and the appeal was dismissed.  Defendant later filed the "motion to correct

sentence and modify judgment" that is now before the court.  In that motion,

defendant challenged the original sentence based on *United States v. Booker*, 125

S. Ct. 738 (2005).  The magistrate judge entered a report and recommendation

treating the motion as a second §2255 motion and concluding that the motion

should be denied for failure to obtain authorization from the court of appeals to file

such a motion.  I accepted the report and recommendation, concluding that the

motion was indeed an unauthorized second §2255 motion and that, in any event,

the motion was unfounded because, under the law of the circuit, *Booker* is not

retroactively applicable to cases on collateral review.

Defendant has filed a notice of appeal.  I treat the notice as a request for a

certificate of appealability, as is proper in light of the conclusion that the motion at

issue is in fact a §2255 motion.  *See Edwards v. United States*, 114 F.3d 1083 (11th

Cir. 1997) (treating notice of appeal in §2255 case as application for certificate of

appealability).  Unless a certificate of appealability is issued, defendant may not

appeal.  *See* 28 U.S.C. §2253(c)(1).  A certificate of appealability may be issued

only if a defendant "has made a substantial showing of the denial of a

constitutional right."  28 U.S.C. § 2253(c)(2).  *See Miller-El v. Cockrell,* 123 S. Ct.

1029, 1039-40 (2003) (explaining meaning of this term); *Slack v. McDaniel*, 529

U.S. 473, 483-84, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (same); *Barefoot v.*

*Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983); *see also*

*Williams v. Taylor*, 529 U.S. 362, 402-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389

(2000) (setting forth standards applicable to §2254 petitions on the merits).  As the

Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a
> substantial showing of the denial of a constitutional right, a
> demonstration that, under *Barefoot*, includes showing that reasonable
> jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'"

*Slack*, 529 U.S. at 483-84, *quoting Barefoot*, 463 U.S. at 893 n.4.  Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a defendant must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

In the case at bar, for the reasons set forth in the magistrate judge's report and recommendation (document 80), as adopted by the court (document 82), defendant has failed to make the required showing.  A certificate of appealability therefore will not be issued.

Because defendant has not obtained a certificate of appealability and any appeal would in any event clearly be unfounded, I find that continued pursuit of the appeal will not be undertaken in good faith.  I hereby certify pursuant to Federal Rule of Appellate Procedure 24(a) that defendant's appeal is not taken in good faith.

For these reasons,

IT IS ORDERED:

4:

Defendant's application for a certificate of appealability (document 86) is

DENIED.

SO ORDERED this 6th day of July, 2005.

s/Robert L. Hinkle
Chief United States District Judge

4: